IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

|  |  |
|---|---|
| MEDARDO DEPAZ, <br> Plaintiff, <br><br> v. <br><br> HOME LOAN SERVICES, INC., *et al.*, <br> Defendants. | * <br> * <br> * <br> * <br> * <br> * Civil Action No. 10-cv-03062-AW <br> * <br> * <br> * <br> * |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**Memorandum Opinion**

The matter before the Court is Defendants' motion to dismiss. *See* Doc. No. 4. The Court has reviewed the motion papers submitted by the Parties and finds that no hearing is necessary. *See* Md. Loc. R. 105(6) (D. Md. 2010). Defendants' motion asserts several independent grounds for dismissal. The Court agrees that the Complaint is barred by the doctrine of *res judicata*, so it is unnecessary to consider Defendants' other contentions.

*Res judicata*, or claim preclusion, "bars the relitigation of matters previously litigated between parties and their privies, as well as those claims that *could have been asserted* and litigated in the original suit." *Ayanwutaku v. Fleet Mortg. Group, Inc.*, 85 F. Supp. 2d 566, 570 (D. Md. 2000) (emphasis in original). The purpose of claim preclusion is to provide litigants, as well as the judicial system, with some definite end to the litigation of matters previously addressed by a court of competent jurisdiction. *See Hall v. St. Mary's Seminary & Univ.*, 608 F. Supp. 2d 679, 684 (D. Md. 2009). Under Maryland law, *res judicata* has three elements: "1) that the parties in the present litigation are the same or in privity with the parties to the earlier dispute; 2) that the claim presented in the current action is identical to the one determined in the

prior adjudication; and 3) that there was a final judgment on the merits." *Colandrea v. Wilde Lake Cmty. Ass'n*, 761 A.2d 899, 910 (Md. 2000).

Prior to filing this case with the assistance of counsel, Plaintiff, *pro se*, filed suit against several defendants in the Circuit Court for Montgomery County on June 22, 2010. *See* Doc. No. 4-2 ("Complaint 1"). That complaint contained two counts: wrongful foreclosure and fraud. The factual premise of the wrongful-foreclosure claim was that "after the origination and funding of [the] loan, it was sold to investors as 'mortgage backed security,'" and that "none of the Foreclosing Defendants in this action owned this loan, or the corresponding note." Compl. 1 ¶ 11. The fraud count charged Defendants with "conceal[ing] the true facts" because they "knew that they could not produce proof of claim to back the foreclosure." *Id.* ¶¶ 14-15. Plaintiff requested equitable relief in the form of "an Order cancelling the Trustee's Deed upon sale for the Plaintiff's property" and an order "compelling Defendants to show proof of claim." *Id.* at 4. Judge Ronald Rubin dismissed the action, with prejudice, in a brief order. *See* Doc. No. 4-3.

It appears that the present action ("Complaint 2") began as a foreclosure action in the Circuit Court for Montgomery County. Plaintiff (defendant in the initial action) filed exceptions to the foreclosure and indicated to the Circuit Court that the case had been removed to this Court. *See* Doc. No. 4-4. However, the action has since lost its original structure: the foreclosure defendant is now the Plaintiff, and the foreclosure plaintiffs are now the Defendants. The docket for this case contains a Complaint from the Plaintiff, but no Notice of Removal or state-court record. The Defendants are not pressing their foreclosure claims in this forum: rather, they are

requesting dismissal of Complaint 2 and remand to the Circuit Court to complete the foreclosure proceedings.[1]

Complaint 2 is brought against substantially the same Defendants as Complaint 1: Home Loan Services, Inc., Mortgage Electronic Registration Systems, Inc., First Franklin, and The Fisher Law Group.[2] Thus, two of the three elements of *res judicata* are clearly met: the Parties in each action are "are the same or in privity," and the Circuit Court's dismissal with prejudice of Complaint 1 constitutes a "final judgment on the merits." *Colandrea*, 761 A.2d at 910. The only remaining question, therefore, is whether "the claim presented in the current action is identical to the one determined in the prior adjudication." *Id.*

As an initial matter, there are some important differences between the two complaints. Whereas Complaint 1 raised two counts, Complaint 2 raises fifteen: breach of contract, gross negligence, intentional violation of the duty of good faith, abuse of process, malicious prosecution, Truth in Lending Act violations, Real Estate and Settlement Procedures Act violations, various fraud theories, and several fraud-related conspiracy claims.

The factual underpinning of the claims in Complaint 2 is also somewhat different from that of Complaint 1. The central allegation of Complaint 1 was that defendants had no right to foreclose because they did not own the underlying debt. Complaint 2 asserts that the loan was invalid from its inception, because Plaintiff's monthly income "was not enough to sustain the mortgage," yet Defendant First Franklin "knew" of this deficiency and misrepresented Plaintiff's

---

[1] Due to the strange procedural posture of this case, the Court can only grant part of the remedy requested by Defendants. Dismissal is proper for the reasons stated below; however, remand is inappropriate, because the case was not technically removed to this Court.

[2] There are subtle differences between the captions of the complaints, but these differences are a function of the imprecise drafting of Complaint 1, not of any real or intentional difference. For instance, the caption of Complaint 1 only lists First Franklin and the Fisher Law Group as Defendants. However, the "Parties" section of Complaint 1 listed other Defendants, including Home Loan Services, Inc. and Mortgage Electronic Registration Systems, Inc.

assets in order to induce him to complete the transaction. Compl. 2 ¶¶ 11-12, 34. Complaint 2 also avers that the fee structure was an "unlawful yield spread premium" and that First Franklin failed to provide Plaintiff with certain disclosures that are required by law. *Id.* ¶¶ 37-38.

However, these distinctions are not dispositive. First of all, the mere fact that the two actions involve different legal theories does not remove the *res judicata* bar. *See, e.g.*, *Kent Cnty. Bd. of Educ. v. Bilbrough*, 525 A.2d 232, 236 (Md. 1987) ("[A] mere change in the legal theory, applied to the same set of facts previously litigated, will not in and of itself avoid claim preclusion."). Furthermore, "[e]ven if additional facts are pleaded in the later suit, the new claims will be precluded if those facts and issues could have been presented in the earlier suit." *Hall*, 608 F. Supp. 2d at 686.

There are some analytical problems with applying this "could have" test, *id.*, in a literal fashion.[3] Fortunately, the Maryland Court of Appeals has provided more precise guidance elsewhere by holding that claim preclusion applies whenever the claim extinguished in the former action "'includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose.'" *Bilbrough*, 525 A.2d at 238 (quoting Restatement (Second) of Judgments § 24(1)). Whether the complaints are based on the same "transaction, or series of connected transactions," *id.*, is to be determined "pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and

---

[3] Many reported cases, like *Hall*, suggest that the *res judicata* bar applies whenever a plaintiff *could have* raised a particular claim in the prior action, but chose not to do so. This language is potentially misleading: it seems to imply that any claim that could have been properly joined in a prior action is barred in a later action. This is not the law, as it would effectively transform modern permissive joinder regimes into mandatory systems. *See Bilbrough*, 525 A.2d at 237 ("[I]t is also clear that the scope of a cause of action for claim preclusion purposes is *not* as broad as the scope of permissible joinder under modern pleading codes.").

4

whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." Restatement (Second) of Judgments § 24(2).

Under this pragmatic test for evaluating the scope of *res judicata*, it is clear that the allegations contained in Complaint 2 are sufficiently connected to those that have already been adjudicated in Complaint 1 to require preclusion. The complaints deal with the same "series of connected transactions," *id.*, in that they both deal with the same set of Defendants, the same underlying loan, and the same allegedly improper foreclosure. Although the two complaints emphasize different legal theories and facts, both aim to undermine the legal basis for foreclosure. All objections to the validity of the note and the conduct of foreclosure would "form a convenient trial unit," *id.*, ideally as defenses in a state-court foreclosure action (like the one that was pending before Plaintiff removed the case to this Court), and they should have all been raised within the context of the first action. *See, e.g.*, *Capel v. Countrywide Home Loans, Inc.*, Nos. WDQ-09-2374, WDQ-09-2439, 2010 WL 457534 at *4 (D. Md. Feb. 3, 2010) ("Because all these claims concern the same loan transaction and the parties' rights under the Deed of Trust, they are transactionally related and could have been raised in the foreclosure action.").

Plaintiff's opposition does not address the bulk of Defendants' *res judicata* analysis, but nonetheless urges leniency on two grounds: (1) the underlying facts were not readily discoverable, so Plaintiff's failure to raise them in Complaint 1 should be excused, and (2) Plaintiff represented himself in the prior action. *See* Doc. No. 16 at 2. However, the opposition merely argues in general terms that the facts giving rise to Complaint 2 were difficult to discover, *not* that Plaintiff himself was unaware of those facts (or, more specifically, that Plaintiff was unaware of the facts underlying Complaint 2 at the time he drafted Complaint 1). In any event, "[f]or purposes of res judicata, it is not necessary to ask if the plaintiff knew of his

present claim at the time of the former judgment, for it is the existence of the present claim, not party awareness of it, that controls." *Harnett v. Billman*, 800 F.2d 1308, 1313 (4th Cir. 1986).

Furthermore, although it does seem proper to accord some leniency to *pro se* plaintiffs with respect to *res judicata*, this Court cannot carve out a categorical *pro se* exception to the well-established rule of claim preclusion. Thus, Defendants' motion to dismiss will be granted. A separate order will follow.

|  |  |
|---|---|
| April 28, 2011 <br> Date | /s/ <br> Alexander Williams, Jr. <br> United States District Judge |